UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

FILED BY ____mdc____ D.C.
Sep 18, 2023
ANGELA E. NOBLE
CLERK U.S. DIST. CT.
S. D. OF FLA. - Miami, FL

CASE NO. **23- 10015-CR-MARTINEZ/SNOW**

18 U.S.C. § 371

UNITED STATES OF AMERICA

v.

PETR SUTKA,
ZDENEK STRNAD, and
VASIL KHATIASHVILI

Defendants.

## INFORMATION

The Acting Assistant Attorney General charges that:

At all times relevant to this Information, or as otherwise indicated herein:

1. Defendant **PETR SUTKA** was a resident of Kissimmee, Florida. From at least January 2011 through at least January 2021, **SUTKA** owned, operated, and managed a labor staffing company named PSEB Specialty Service, Inc. **SUTKA** also provided assistance, consultation, and support to the owners, operators, and managers of labor staffing companies Perfect Service Excellent Benefits Services, Inc. ("P.S.E.B. Services"); Starline Hospitality, Inc.; Norbert Janitorial Service, Inc.; E.S.F. Services, Inc. ("E.S.F. Services"); and Expert Services, F.S., Inc. ("Expert Services"). Collectively, these labor staffing companies provided workers to hotels, bars, and restaurants in the Southern District of Florida and elsewhere.

2. Defendant **ZDENEK STRNAD** was a resident of Kissimmee, Florida. From at least January 2014 through at least October 2019, **STRNAD** owned, operated, and managed E.S.F. Services and assisted in the operation of P.S.E.B. Services.

1

3. Defendant **VASIL KHATIASHVILI** was a resident of Key West, Florida. From at least January 2014 through at least October 2019, **KHATIASHVILI** operated and managed a E.S.F. Services, and he also assisted in the operation of P.S.E.B. Services and Expert Services.

4. R.G., a former accountant, was a resident of Fort Pierce, Florida. R.G. owned, operated, and managed Starline Hospitality, Inc.

5. P.So. was a resident of Kissimmee, Florida. P.So. assisted R.G. in operating and managing Starline Hospitality, Inc.

6. As alleged in this Information, **PETR SUTKA, ZDENEK STRNAD, VASIL KHATIASHVILI**, R.G., P.So., and others facilitated the employment in the hospitality industry of non-resident aliens who were not authorized to work in the United States. By obtaining and paying workers through labor staffing companies, hotels, bars, and restaurants operating in Key West and elsewhere attempted to disclaim responsibility for ensuring that: (1) workers were legally authorized to work in the United States, and (2) federal income and employment taxes were withheld and paid over to the Internal Revenue Service (IRS).

## LEGAL BACKGROUND

7. The IRS was an agency of the United States Department of the Treasury responsible for administering the tax laws of the United States and collecting taxes owed to the United States.

8. The Federal Insurance Contribution Act (FICA) required employers to withhold Medicare and Social Security taxes from their employees' wages. The Internal Revenue Code also required employers to withhold federal income taxes from their employees' wages. Employers held these taxes in trust for the United States and were required to pay them over to the IRS on behalf of their employees. Collectively, these withheld taxes will be referred to as "trust fund taxes."

9. In addition to the trust fund taxes, employers were required to pay over an employer portion of FICA taxes. The trust fund taxes along with the employer's portion of FICA taxes will be collectively referred to as "employment taxes."

10. United States Citizenship and Immigration Services (USCIS) was a United States governmental agency whose primary responsibility was to enforce the nation's immigration laws.

11. The USCIS Form I-9, Employment Eligibility Verification, (USCIS Form I-9) required that an employee attest to his or her employment authorization. The employee must also present acceptable documents evidencing identity and employment authorization to the employer. The employer must examine the employment eligibility and identity documents to determine whether the documents reasonably appear to be genuine and to relate to the employee. The employer was required to record employee identity information on the USCIS Form I-9 and maintain those records onsite.

## COUNT ONE
(Conspiracy against the United States)

12. The factual allegations contained in Paragraphs 1 through 11 of this Information are re-alleged and incorporated herein.

13. At various points, beginning in at least January 2011 and continuing through at least January 2021, within the Southern District of Florida and elsewhere, defendant,

**PETR SUTKA,
ZDENEK STRNAD,
VASIL KHATIASHVILI,**

R.G., P.So., and others known and unknown to the United States, unlawfully, voluntarily, intentionally, and knowingly conspired, combined, confederated, and agreed together and with each other (1) to defraud the United States by impeding, impairing, obstructing, and defeating the lawful government functions of the IRS in the ascertainment, computation, assessment, and

3

collection of federal income taxes and employment taxes, and (2) to commit offenses against the United States, namely (a) encouraging and inducing aliens to come to, enter, or reside in the United States knowing or in reckless disregard of the fact that such coming to, entry, or residence was or would be in violation of law, in violation of 8 U.S.C. § 1324(a)(1)(A)(iv), and, (b) concealing, harboring, and shielding from detection aliens knowing or in reckless disregard of the fact that such aliens had come to, entered, or remained in the United States in violation of law, in violation of 8 U.S.C. § 1324(a)(1)(A)(iii).

## Manner and Means

14. In furtherance of the conspiracy, **PETR SUTKA, ZDENEK STRNAD, VASIL KHATIASHVILI**, R.G., P.So., and others known and unknown to the United States entered into written contracts and verbal agreements with hotels, bars, and restaurants in Key West and elsewhere to provide labor staffing services. These agreements helped their labor staffing companies' customers attempt to disclaim responsibility for ensuring that workers were legally authorized to work in the United States and that federal employment taxes were withheld and paid over to the IRS, when, in fact, many of the labor staffing companies' customers knew or had reason to believe that the workers provided under these agreements were not authorized to work in the United States and that federal income and employment taxes were not being withheld and paid over to the IRS.

15. In furtherance of the conspiracy, **PETR SUTKA, ZDENEK STRNAD, VASIL KHATIASHVILI**, R.G., P.So., and others known and unknown to the United States facilitated the employment of more than 100 alien workers by hotels, bars, and restaurants in Key West and elsewhere knowing or in reckless disregard of the fact those alien workers were not legally present in the United States and did not have authorization to work in the United States. The workers

employed at the hotels, bars, and restaurants who used their labor staffing services did not attest to their eligibility to work in the United States on USCIS Forms I-9, and **PETR SUTKA, ZDENEK STRNAD, VASIL KHATIASHVILI**, R.G., P.So., and others known and unknown to the United States failed to complete or maintain the requisite USCIS Form I-9 records for each worker.

16.     In furtherance of the conspiracy, **PETR SUTKA, ZDENEK STRNAD, VASIL KHATIASHVILI**, R.G., P.So., and others known and unknown to the United States paid workers without withholding federal income or employment taxes from the workers' gross wages.

17.     In furtherance of the conspiracy, **PETR SUTKA, ZDENEK STRNAD, VASIL KHATIASHVILI**, R.G., P.So., and others known and unknown to the United States failed to prepare and file with the IRS requisite Form W-2, Wage and Tax Statements, for workers employed at hotels, bars, and restaurants in Key West and elsewhere through their labor staffing companies.

18.     In furtherance of the conspiracy, **ZDENEK STRNAD** and **VASIL KHATIASHVILI** filed with the IRS false individual income tax returns that underreported the income they made from their illicit labor staffing business.

**Overt Acts**

19.     In 2015, **ZDENEK STRNAD** willfully filed with the IRS a false Form 1040, U.S. Individual Income Tax Return ("IRS Form 1040") for tax year 2014 that omitted more than $20,000 of income he received from P.S.E.B. Services in that year.

20.     On or about May 27, 2016, E.S.F. Services issued check number 4132 to T.K. in the amount of $331.20. This amount represented untaxed wages to T.K. earned for labor

provided through E.S.F. Services to a restaurant in Key West, Florida. During the time of her employment, T.K. was not lawfully present in the United States nor was she authorized to work in the United States.

21. On or about January 27, 2017, P.S.E.B. Services issued check number 85157 to **ZDENEK STRNAD** in the amount of $1,191.73, which represented untaxed wages the defendant earned through his work with P.S.E.B. Services. During the time of his employment, **ZDENEK STRNAD** was not lawfully present in the United States nor was he authorized to work in the United States.

22. On or about April 5, 2019, **VASIL KHATIASHVILI** willfully filed with the IRS a false Form 1040, U.S. Individual Income Tax Return for tax year 2018 that omitted more than $33,000 of income he received from E.S.F. Services and Expert Services in that year.

23. On or about August 2, 2019, Expert Services issued check number 2658 to **PETR SUTKA** in the amount of $1,300.23. This amount represented his share of Expert Services' net profits for that pay period.

24. On or about August 9, 2019, Expert Services issued check number 2671 to N.K. in the amount of $279.30. This amount represented untaxed wages to N.K. earned from labor provided through Expert Services, F.S., Inc., to an ice cream shop in Key West, Florida. During the time of her employment, N.K. was not lawfully present in the United States nor was she authorized to work in the United States.

In violation of Title 18, United States Code, Section 371.

DAVID A. HUBBERT
Deputy Assistant Attorney
U.S. Department of Justice, Tax Division

*Sean Beaty*

Sean Beaty, Senior Litigation Counsel
District Court No. A5501870
Jessica A. Kraft, District Court No. A5502644
Nicolas J. Schilling Jr., District Court No. A5502809
Matthew C. Hicks, District Court No. A5502778
Wilson Rae Stamm, District Court No. A5503006
Trial Attorneys
U.S. Department of Justice, Tax Division
Christopher Clark, Florida Bar No. 0588040
Assistant United States Attorney

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

UNITED STATES OF AMERICA

v.

PETR SUTKA, et al.

_____/
Defendants.

CASE NO.:

**CERTIFICATE OF TRIAL ATTORNEY***

**Superseding Case Information:**

New Defendant(s) (Yes or No) Yes
Number of New Defendants 3
Total number of New Counts 1

**Court Division** (select one)
- ☐ Miami
- ☑ Key West
- ☐ FTP
- ☐ FTL
- ☐ WPB

I do hereby certify that:

1. I have carefully considered the allegations of the indictment, the number of defendants, the number of probable witnesses and the legal complexities of the Indictment/Information attached hereto.

2. I am aware that the information supplied on this statement will be relied upon by the Judges of this Court in setting their calendars and scheduling criminal trials under the mandate of the Speedy Trial Act, Title 28 U.S.C. §3161.

3. Interpreter: (Yes or No) No
   List language and/or dialect: _____

4. This case will take 0 days for the parties to try.

5. Please check appropriate category and type of offense listed below:

   (Check only one)
   - I   ☑ 0 to 5 days
   - II  ☐ 6 to 10 days
   - III ☐ 11 to 20 days
   - IV  ☐ 21 to 60 days
   - V   ☐ 61 days and over

   (Check only one)
   - ☐ Petty
   - ☐ Minor
   - ☐ Misdemeanor
   - ☑ Felony

6. Has this case been previously filed in this District Court? (Yes or No) No
   If yes, Judge _____ Case No. _____

7. Has a complaint been filed in this matter? (Yes or No) No
   If yes, Magistrate Case No. _____

8. Does this case relate to a previously filed matter in this District Court? (Yes or No) Yes
   If yes, Judge Martinez   Case No. 23-cr-10003-JEM, 21-cr-10008-JEM

9. Defendant(s) in federal custody as of _____

10. Defendant(s) in state custody as of _____

11. Rule 20 from the _____ District of _____

12. Is this a potential death penalty case? (Yes or No) No

13. Does this case originate from a matter pending in the Northern Region of the U.S. Attorney's Office prior to August 8, 2014 (Mag. Judge Shaniek Maynard? (Yes or No) No

14. Does this case originate from a matter pending in the Central Region of the U.S. Attorney's Office prior to October 3, 2019 (Mag. Judge Jared Strauss? (Yes or No) No

By: _____ Sean Beaty
Senior Litigation Counsel
DOJ Trial Attorney
FLA Bar No.   A55018770

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. _____

PENALTY SHEET

**Defendant's Name:** PETR SUTKA

| COUNT | VIOLATION | U.S. CODE | MAX. PENALTY |
|---|---|---|---|
| 1 | Conspiracy (Dual Object) | 18 U.S.C. § 371 | Max Imprisonment: 5 years<br>Max Fine: $250,000 or twice the greater of the gross gain or loss<br>Max Supervised Release Term: 3 years |

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. _____

PENALTY SHEET

**Defendant's Name:   ZDENEK STRNAD**

| COUNT | VIOLATION | U.S. CODE | MAX. PENALTY |
|---|---|---|---|
| 1 | Conspiracy (Dual Object) | 18 U.S.C. § 371 | Max Imprisonment: 5 years<br>Max Fine: $250,000 or twice the greater of the gross gain or loss<br>Max Supervised Release Term: 3 years |

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. _____

PENALTY SHEET

**Defendant's Name:** VASIL KHATIASHVILI

| COUNT | VIOLATION | U.S. CODE | MAX. PENALTY |
|---|---|---|---|
| 1 | Conspiracy (Dual Object) | 18 U.S.C. § 371 | Max Imprisonment: 5 years<br>Max Fine: $250,000 or twice the greater of the gross gain or loss<br>Max Supervised Release Term: 3 years |

AO 455 (Rev. 01/09) Waiver of an Indictment

# UNITED STATES DISTRICT COURT
for the
Southern District of Florida

| United States of America | ) | |
|---|---|---|
| v. | ) | Case No. |
| Petr Sutka, | ) | **23-10015-CR-MARTINEZ** |
| *Defendant* | ) | |

## WAIVER OF AN INDICTMENT

I understand that I have been accused of one or more offenses punishable by imprisonment for more than one year. I was advised in open court of my rights and the nature of the proposed charges against me.

After receiving this advice, I waive my right to prosecution by indictment and consent to prosecution by information.

Date: _____

_____
*Defendant's signature*

_____
*Signature of defendant's attorney*

H. MANUEL HERNANDEZ
*Printed name of defendant's attorney*

_____
*Judge's signature*

_____
*Judge's printed name and title*

AO 455 (Rev. 01/09) Waiver of an Indictment

# UNITED STATES DISTRICT COURT
for the
Southern District of Florida

| United States of America | ) | |
| v. | ) | Case No. |
| Zdenek Strnad, | ) | **23-10015-CR-MARTINEZ** |
| *Defendant* | ) | |

## WAIVER OF AN INDICTMENT

I understand that I have been accused of one or more offenses punishable by imprisonment for more than one year. I was advised in open court of my rights and the nature of the proposed charges against me.

After receiving this advice, I waive my right to prosecution by indictment and consent to prosecution by information.

Date: _____

_____
*Defendant's signature*

_____
*Signature of defendant's attorney*

Richard A. Serafini
_____
*Printed name of defendant's attorney*

_____
*Judge's signature*

_____
*Judge's printed name and title*

AO 455 (Rev. 01/09) Waiver of an Indictment

# UNITED STATES DISTRICT COURT
for the
Southern District of Florida

| United States of America | ) | |
|---|---|---|
| v. | ) | Case No. |
| | ) | |
| Vasil Khatiashvili, | ) | **23-10015-CR-MARTINEZ** |
| *Defendant* | ) | |

## WAIVER OF AN INDICTMENT

I understand that I have been accused of one or more offenses punishable by imprisonment for more than one year. I was advised in open court of my rights and the nature of the proposed charges against me.

After receiving this advice, I waive my right to prosecution by indictment and consent to prosecution by information.

Date: _____

_____
*Defendant's signature*

_____
*Signature of defendant's attorney*

Jerome A. Ballarotto
_____
*Printed name of defendant's attorney*

_____
*Judge's signature*

_____
*Judge's printed name and title*